## M. B. MOSELEY v. A. F. VANHOOSER.

SUNDAY LAW. *Contract. When complete.* A. agreed to buy a yoke of oxen of B. The terms of the sale were agreed upon on Sunday, but A. was to see the condition of the oxen before he was absolutely bound. He saw the oxen the next day, and being satisfied with them, removed them. *Held,* the contract was not complete on Sunday, and if a contract made on Sunday is to be held void, it must be technically complete.

### FROM JACKSON.

Appeal in error from the Circuit Court of Jackson county. N. W. McCONNELL, J.

E. L. & J. A. GARDENHIRE for Moseley.

R. A. COX for Vanhooser.

E. H. EWING, Sp. J., delivered the opinion of the court.

This was an action of replevin for a yoke of oxen, brought by the plaintiff in error. It was submitted to the circuit judge without a jury. He was of opinion that the proof preponderated in favor of the defendant and gave judgment accordingly. We scarcely agree with the judge in regard to the preponderance of the proof, but should not think of reversing his judgment upon this ground. The scales were too nearly balanced to justify this course, upon the well-settled practice of this court.

A ground, however, was taken below, and is insisted on here, which demands further consideration. The oxen, the subject of the litigation, are said to have been sold (if sold at all) by the plaintiff to the defendant on Sunday. This, it is said, appeared in proof and was brought to the notice of the circuit judge, who notwithstanding rendered judgment in favor of the defendant. It is insisted now that a sale made on Sunday is void as against the statute upon the subject, and as contrary to public policy, and that the sale being void, left the property where it was, viz., the property of the assumed seller in this case, the plaintiff.

In support of this view, sec. 1723 of the Code is referred to, which is as follows: "If any merchant, artificer, tradesman, farmer or other person shall be guilty of doing or exercising any of the common avocations of life, or of causing or permitting the same to be done by his children or servants, acts of real necessity or charity excepted, on Sunday, he shall, on due conviction thereof before any justice of the peace of the county, forfeit and pay three dollars, one-half to the person who will sue for the same, the other half for the use of the county." It is insisted that this statute forbids the sale and purchase of cattle on Sunday under a penalty, and that a contract made in violation of it is void, and the case of *Amis* v. *Kyle,* 2 Yer., 33, is cited as authority for this position. It is further insisted that the contract is in violation of public policy and therefore void, and the cases of *Stillman* v. *Looney,* 3 Cold., 21, and of *Parks* v. *McKay,*

3 Head, 297, and especially *Wetmore* v. *Brien & Bradley*, 3 Head, 723, are cited; see, also, *Perkins* v. *Watkins*, 2 Baxt., 187.

To these positions of the plaintiff, it is answered: 1st. That the contract was not made on Sunday in fact; that there were negotiations about a trade on Sunday, but that the contract was really not complete until Monday, and thus the law was not violated in the making of the contract. 2d. That the contract is not void, even if made on Sunday. We must look to the proof to see how this was. The plaintiff denies that there was any sale on Sunday or any other day. The defendant says there was a sale, and that it was so far completed on Sunday as that the price was agreed on, the time of delivery and everything else, but that he was to see the oxen and see what condition they were in before he was to be absolutely bound to take them. He did not see the plaintiff any more afterward, but went the next day to where the oxen were, approved them, took them, and left at the plaintiff's house the larger portion of the purchase money. The defendant says further in his testimony, "that some talk had been had between him and plaintiff before that Sunday, but that he had not bought the oxen before Sunday."

This proof, it may be, would bring the case so far within the Sunday statute as to enable the party to bring an action *qui tam* for the penalty. This, however, we do not decide, as that question is not before us. The question before us is, was there a contract made on Sunday? We are of opinion there was not.

Certainly if Vanhooser, after Sunday, had done nor said anything more, he would not have been bound by what was said and done on Sunday. If a contract is to be held void because made on Sunday, it certainly should be technically complete on that day. If it had been technically complete on that day, a question of great gravity would have been presented to the court. That is not, however, pretended, and we think it not proper, upon a hypothetical case, to decide a matter of so much importance.

The case will be affirmed.